ADKINS, Justice.
This case comes to us on direct appeal from a judgment of the Circuit Court for Leon County which passed upon the validity of a state statute. We have jurisdiction. Article V, Section 3(b)(1), Florida Constitution.
The parties will hereinafter be referred to as they appeared before the circuit court— appellee, Florida Game and Fresh Water Fish Commission as plaintiff or as “the Commission,” and appellant, Department of Natural Resources as defendant or as “the Department.”
*496 The circuit court declared unconstitutional Section 17 of Chapter 75-22, Laws of Florida, which provides:
“Section 17. Subsection (17) of section 20.25 Florida Statutes, is amended to read:
“20.25 Department of Natural Resources. — There is created a Department of Natural Resources.
“(17) The Game and Fresh Water Fish Commission functions, prescribed by chapter 372, are transferred by a type one transfer to the Department of Natural Resources. The Department of Natural Resources shall have authority pursuant to the type one transfer to directly supervise, review, and approve the commission’s exercise of executive powers in the area of budgeting.”
The statute was found to violate Article IV, Section 9, Florida Constitution (as amended 1974), which provides:
“Section 9. Game and fresh water fish commission. — There shall be a game and fresh water fish commission, composed of five members appointed by the governor subject to confirmation by the senate for staggered terms of five years. The commission shall exercise the regulatory and executive powers of the state with respect to wild animal life and fresh water aquatic life, except that all license fees for taking wild animal life and fresh water aquatic life and penalties for violating regulations of the commission shall be prescribed by specific statute. The legislature may enact laws in aid of the commission, not inconsistent with this section. The commission’s exercise of executive powers in the area of planning, budgeting, personnel management, and purchasing shall be as provided by law. Revenue derived from such license fees shall be appropriated to the commission by the legislature for the purpose of management, protection and conservation of wild animal life and fresh water aquatic life.”
The circuit court held that the constitutional provision that the Commission’s “exercise” of certain of its executive powers shall be as provided by law did not mean that the legislature could, by making the exercise of these powers subject to the approval of the Department of Natural Resources, deprive the Commission of its authority. Defendant appeals from the judgment below, alleging that the statutory provisions for a type one transfer of Game and Fresh Water Fish Commission functions to the Department of Natural Resources and for Department review of the Commission’s exercise of executive powers in the area of budgeting are free of constitutional defect. For the reasons set forth below, we agree with the circuit court that the statute is unconstitutional.
A type one transfer is defined by Section 20.06, subsection (1), Florida Statutes, as follows:
“(1) Type One (1) Transfer. — A type one (1) transfer is the transferring intact of an existing agency or of an existing agency with certain identifiable programs, activities, or functions transferred or abolished so that the agency becomes a unit of a department. Any agency transferred to a department by a type one (1) transfer shall henceforth exercise its powers, duties, and functions as prescribed by law, subject to review and approval by, and under the direct supervision of, the head of the department.”
Section 20.06, subsection (1), Florida Statutes, authorizes the transferee department to review the exercise of the powers, duties, and functions of the transferred agency. It is clear that, absent qualification, a type one transfer places the transferred agency under the absolute control of the department head. Such an arrangement in the instant case is constitutionally impermissible. Article IV, Section 9, Florida Constitution. Defendant does not dispute the unconstitutionality of an unqualified type one transfer of plaintiff; it is instead defendant’s contention that Chapter 75-22, Section 17, Laws of Florida, effectuated a qualified type one transfer. Based upon a comparison of the statute presently under consideration and its predecessor law, we cannot agree.
*497 The predecessor law, Section 20.25, subsection (17), Florida Statutes, provided:
“(17) The game and fresh water fish commission functions, prescribed by chapter 372, are transferred by a type one transfer to the Department of Natural Resources, except that the commission shall exercise its powers prescribed by §9 of Art. IV of the state constitution independently of the head of the Department of Natural Resources.” (Emphasis supplied.)
The second clause of the previous law clearly qualifies the type one transfer announced in the first clause so as to preserve all of the Commission’s constitutional authority. The statute in question contains no such saving clause, and, by giving the Department authority to “directly supervise, review, and approve the Commission’s exercise of executive powers in the area of budgeting,” the statute is inconsistent with the mandate of Article IV, Section 9. Since Chapter 75-22, Section 17, Laws of Florida, contains no language modifying the type one transfer set forth in the first sentence, it must be considered unconstitutional as an attempted unqualified type one transfer of a constitutional agency. Article IV, Section 9, Florida Constitution; Section 20.06(1), Florida Statutes (1976).
Article IV, Section 9, Florida Constitution (as amended 1974), specifically authorized the legislature to make laws concerning the Commission’s budgeting. The Department contends that if the trial court’s findings were correct, any law directing the processing of the Commission’s budget would be difficult to uphold since any mandatory budgetary process, even if performed directly by the legislature without involving any agencies, could be viewed as a diminishing of the Commission’s alleged absolute power. We are not prepared to say at this time that, under the present constitution, the legislature may not pass any law regarding the Commission’s budgeting which may result in some diminution of the Commission’s budgetary autonomy. However, Chapter 75-22, Section 17, Laws of Florida, renders the constitutional grant to the Commission of executive power in the area of budgeting totally meaningless. We hold that the statute is an impermissibly broad intrusion upon that grant.
The Constitution assigns to the Commission the executive power of the state with respect to wild animal life and fresh water aquatic life, with the exception of license fee and penalty determination, and provides that “the commission’s exercise of executive powers in the area of planning, budgeting, personnel management, and purchasing shall be as provided by law.” Such laws cannot, however, be inconsistent with other provisions of this section. Article IV, Section 9, Florida Constitution. Thus, while the legislature may pass laws affecting the Commission’s exercise of its executive budgetary authority, it may not pass laws depriving the Commission of such authority. A statute placing final approval of the Commission’s budget out of the hands of the Commission itself is clearly a deprivation of constitutional authority, rather than merely a “law affecting the Commission’s exercise of its budgetary authority.”
Accordingly, the judgment of the circuit court is affirmed.
It is so ordered.
OVERTON, C. J., and BOYD, ENGLAND, SUNDBERG, HATCHETT and ROBERTS (Retired), JJ., concur.