Elton J. Gissendanner Executive Director, Department of Natural Resources Tallahassee
QUESTION:
Is the Suwannee River Authority a unit of local government within the purview of ch. 218, part III, F. S.?
SUMMARY:
The Suwannee River Authority is not a unit of local government within the purview of ch. 218, part. III, F. S.
Your question is answered in the negative.
The Suwannee River Authority was created by ch. 57-700, Laws of Florida, as amended by ch. 61-545, Laws of Florida, for the purpose of improving the nevigability and general condition of the Suwannee River and its tributaries. The authority was transferred in 1969 to the Department of Natural Resources by a type one transfer. Section 25(21), ch. 69-106, Laws of Florida. A type one transfer is defined in s. 20.06(1), F. S., created by a 6, ch. 69-106, as:
 . . . the transferring intact of an existing agency . . . so that the agency becomes a unit of a department. Any agency transferred to a department by a type one transfer shall henceforth exercise its powers, duties, and functions as prescribed by law, subject to review and approval by, and under the direct supervision of, the head of the department. (Emphasis supplied.)
The effect of a type one transfer was examined in Florida Department of Natural Resources v. Florida Game and Fresh Water Fish Commission, 342 So.2d 495 (Fla. 1977), wherein the Supreme Court stated that such a transfer `authorizes the transferee department to review the exercise of the powers, duties, and functions of the transferred agency. It is clear that, absent qualification, a type one transfer places the transferred agencyunder the absolute control of the department head.' (Emphasis supplied.) 342 So.2d 496. The authority of the Department of Natural Resources over the Suwannee River Authority is further emphasized by s. 370.015, F. S., which provides:
 The Department of Natural Resources, through its Suwannee River Authority, is granted the authority to guide, stimulate, and promote the coordinated, efficient, and beneficial development and improvement of the Suwannee River and its tributaries and surrounding area. Expenditures of funds therefor are hereby declared to be for a proper public purpose. (Emphasis supplied.)
Thus, it appears clear that the Suwannee River Authority exists as a unit of the Department of Natural Resources, subject to the control and supervision of that state agency.
Chapter 218, part III, F. S., is known as the `Uniform Local Government Financial Management and Reporting Act' and imposes certain reporting and accounting requirements on each `unit of local government.' See ss. 218.32-218.36. The term `unit of local government' is defined by s. 218.31(1) to mean `a county, municipality, or special district,' and the term `special district' is defined by s. 218.31(5) to mean `a local unit of special government . . . .' Thus, it is clear that ch. 218, part III applies to and imposes its requirements upon local governments and certain local units of special government rather than upon state agencies or departments or units thereof. Accord: Attorney General Opinions 074-17 and 074-71.
You have included with your inquiry a copy of a letter from my predecessor in office to Ernest Ellison dated November 14, 1972, concerning various aspects of the operations of the Suwannee River Authority. The letter concludes that the authority is a governmental entity, separate and distinct from either state or county government, created by the Legislature as a special improvement district and not as an agency of the executive branch of state government. However, the letter fails to consider the effect of s. 370.015, F. S., and, of course, predates the Florida Supreme Court's decision in Florida Department of Natural Resources v. Florida Game and Fresh. Water Fish Commission, supra, dealing with the effect of a type one transfer. Thus, based upon these additional authorities, I must differ with the opinion expressed therein regarding the authority's status as a unit of state government within the Department of Natural Resources and hereby recede therefrom. As hereinbefore noted, it is clear from the governing statutes and from the decision of the Supreme Court in Florida Department of Natural Resources v. Florida Game andFresh Water Fish Commission that the Suwannee River Authority is a unit of the Department of Natural Resources subject to the absolute control and supervision of that department.
Prepared by: Donald D. Conn, Assistant Attorney General