Ms. Betty M. Carter Executive, Secretary Suwannee River Authority
QUESTION:
Are members of the governing board of the Suwannee River Authority covered by the state insurance umbrella pertaining to liability insurance for lawsuits?
SUMMARY:
The Suwannee River Authority is a unit of the Department of Natural Resources and as such is subject to the limitations and provisions of s. 768.28, F.S., the waiver of sovereign immunity in tort actions statute. While it appears that the Authority is included within the scope of s. 284.31 which provides that the Florida Casualty Insurance Risk Management Trust Fund shall cover all departments of the state and their agents, employees and other authorized persons, in light of the language contained in s.284.31 authorizing coverage for such departments `unless specifically excluded by the Department of Insurance' and Rule 4-30.02, F.A.C., the Department of Insurance should be contacted by the head of the Department of Natural Resources regarding the Authority's eligibility to participate in the insurance risk management trust fund.
The Suwannee River Authority was created by ch. 57-700, Laws of Florida, as amended by ch. 61-545, Laws of Florida, for the purpose of improving the navigability and general condition of the Suwannee River and its tributaries. In 1969, the Authority was transferred to the Department of Natural Resources by a type one transfer. Section 25(21), ch. 69-106, Laws of Florida. A type one transfer is defined in s. 20.06(1), F.S., created by s. 6, ch. 69-106, as:
 the transferring intact of an existing agency . . . so that the agency becomes a unit of a department. Any agency transferred to a department by a type one transfer shall henceforth exercise its powers, duties, and functions as prescribed by law, subject to review and approval by, and under the direct supervision of, the head of the department. (Emphasis supplied.)
Cf. Florida Department of Natural Resources v. Florida Game and Fresh Water Fish Commission, 342 So.2d 495, 496 (Fla. 1977) (`It is clear that, absent qualification, a type one transfer places the transferred agency under the absolute control of the department head.'). See also s. 370.015, F.S., which states that `[t]he Department of Natural Resources, through its Suwannee River Authority, is granted the authority to guide, stimulate, and promote the coordinated, efficient, and beneficial development and improvement of the Suwannee River and its tributaries and surrounding area. . . .' (Emphasis supplied.) Thus in AGO 080-48, this office stated that the Suwannee River Authority exists as a unit of the Department of Natural Resources subject to the absolute control and supervision of that department.
The Legislature, by the enactment of s. 768.28, F.S., and subject to the limitations prescribed therein, has waived sovereign immunity with respect to tort liability for the `state and for its agencies or subdivisions.' As used within the statute, `state agencies or subdivisions' include the executive departments in state government. See s. 768.28(2), F.S. As the Suwannee River Authority is a unit of the Department of Natural Resources which, in turn, is a part of the executive branch of state government, it would appear that the Authority is a state agency as that term is used in s. 768.28. Cf. AGO 075-145 in which this office concluded that the Fire Fighters Standards Council within the Department of Community Affairs is an agency of the state for the purposes of s.768.28; and AGO 080-29. Thus the provisions of s. 768.28, F.S., waiving sovereign immunity in tort actions and prescribing monetary recovery limits and limitations are applicable to and govern the tort liability of the Authority.
Your inquiry concerns the potential liability of the members of the governing board of the Authority. Members of the Authority are appointed by the Governor and serve without salary. While any question of individual or personal liability as a public officer is a mixed question of law and fact which this office is not empowered to determine, s. 768.28(9)(a), F.S., expressly provides that no officer, employee or agent of the state shall be held personally liable in tort or named as a party defendant in any action for any injuries or damages suffered as a result of any act, event or omission of action in the scope of his employment or function `unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.' (Emphasis supplied.) The statute goes on to state that `[t]heexclusive remedy . . . shall be by action against the governmental entity, or the head of such entity in his official capacity . . . unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.' (Emphasis supplied.) (Section 768.28(9)(a) was amended by ch. 81-317, Laws of Florida, effective October 1, 1981; the above quoted statutory language, however, was not amended.) And see s.111.07, F.S. (1980 Supp.), stating that any agency of the state is authorized to provide an attorney to defend any civil action arising from a complaint for damages suffered as a result of any act or omission of actions of any of its officers, employees or agents for an act or omission arising out of and in the scope of his employment or function, unless, in the case of a tort action, the officer, employee or agent acted in bad faith, with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
In addition, part II of ch. 284, F.S., creates the Florida Casualty Insurance Risk Management Trust Fund to provide insurance as authorized by s. 284.33, F.S., for workers' compensation, general liability, fleet automotive liability, federal civil rights actions under 42 U.S.C. § 1983 or similar federal statutes, and court awarded attorney's fees in other proceedings against the state except for such awards in eminent domain or inverse condemnation or to awards by the Career Service Commission. Section 284.30, F.S. And see s. 284.38, F.S., which states that the insurance program developed therein shall provide limits as established by s. 768.28 if a tort claim; however, the limits provided in s. 768.28 shall not apply to a civil rights action arising under 42 U.S.C. § 1983 or similar federal statute. Payment of a claim or judgment arising under any of said statutes may be made unless the officer, employee or agent has been determined in the final judgment to have caused the harm intentionally; however, the fund is authorized to pay all other court-ordered attorney's fees as provided under s. 284.31. The Division of Risk Management of the Department of Insurance is charged with the administration of Part II of ch. 284, F.S. See s.284.40, F.S. Section 284.36, F.S., provides, in effect, that the premiums for coverage are to be billed to each state agency according to coverages obtained by the fund for their benefit; upon billing, such obligations are to be promptly paid by each agency from its operating budget directly to the trust fund through the Division of Risk Management. See also s. 284.37, F.S.
Pursuant to s. 284.31, F.S., the Insurance Risk Management Trust Fund `shall, unless specifically excluded by the Department of Insurance, cover all departments of the State of Florida and their employees and agents and other authorized persons . . . .' See Rule 4-30.02, F.C.A., which states that coverage is to be excluded under the provisions of part II of ch. 284, Florida Statutes, should there occur a statutory or jurisdictional conflict making self-insurance unfeasible. Cf. s. 284.39, F.S., authorizing the Department of Insurance to promulgate rules and regulations for the proper management and maintenance of the fund. The Suwannee River Authority has been assigned to and is a unit of the Department of Natural Resources, a department within the executive branch of government, and thus would appear to be covered by the language of s. 284.31. The Department of Insurance, however, may specifically exclude a state department from coverage pursuant to s. 284.31 and Rule 4-30.02, F.A.C. Cf. AGO 076-186. Therefore, in determining its coverage under the Florida Casualty Insurance Risk Management Trust Fund, the Authority, as a unit of the Department of Natural Resources, should have the head of that Department contact the Department of Insurance as the agency charged with the administration of the trust fund.
Prepared by: Joslyn Wilson, Assistant Attorney General